UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY MCCOY and
NICHOLAS BOLLEA, as
Personal Representatives of the
ESTATE OF TERRY G. BOLLEA

    Plaintiff,

                                  CASE NO.: 8:25-cv-2334-TPB-AAS

BUBBA THE LOVE SPONGE CLEM,

    Defendant.
_____/

**WOLTZ FILMS, LLC'S PARTIALLY UNOPPOSED,
TIME SENSITIVE MOTION TO INTERVENE
AND INCORPORATED MEMORANDUM OF LAW**

Woltz Films, LLC ("Woltz") respectfully moves this Court, pursuant to Fed. R. Civ. P. 24 for leave to intervene in this action as a party-defendant for purposes of protecting its rights and interests, and its interests in its documentary film entitled "VIDEO KILLED THE RADIO STAR" (the "Documentary"). Although Woltz is not a party to this action, following the entry of this Court's Temporary Restraining Order (the "TRO") filed September 4, 2025, counsel for Plaintiffs corresponded with Woltz claiming it is acting in "active concert or participation" with Clem and referencing rule 65(d)(2). Clem is not a member nor officer of Woltz, has no control over what content is contained in the Documentary and has no ownership interest in the Documentary or Woltz. Because Woltz's independent rights to the publication and monetization of the Documentary could be adversely

1

affected by the scope of the TRO, especially because there is no fair use or public domain exceptions expressly set forth therein, Woltz now seeks leave to intervene. The grounds for this motion are set forth below in the incorporated memorandum of law.

## I. INTRODUCTION

This action arises out of Plaintiffs' claims of copyright infringement, trademark infringement, and related contractual relief against Defendant Bubba Clem concerning, in part, a documentary film titled "VIDEO KILLED THE RADIO STAR" involving references to a notorious video commonly referred to as the "Hulk Hogan sex tape." (Doc. 1). Together with the complaint, Plaintiffs filed an Emergency Motion for a Temporary Restraining Order claiming irreparable harm. (Doc. 2). This Court granted Plaintiffs' request for emergency relief and entered a TRO that enjoins Clem and those allegedly acting in concert with him, with a $500,000 bond, from promoting or publishing the Documentary or otherwise publishing or disseminating any portion of the sex tape. (Doc. 8). Although Woltz is not a party to this case, Plaintiffs' counsel promptly issued correspondence to Woltz referencing Federal Rule of Civil Procedure 65(d)(2) and indicating the TRO extends to third parties considered to be "in active concert or participation" with Clem and is likely making further efforts to prevent the release of the Documentary, which is set to be publicly released tomorrow, September 12, 2025 through Apple, Amazon, and Google streaming services.

2

Woltz is the creator and producer of the Documentary, which draws content exclusively from publicly available news coverage and other lawfully obtainable sources. (Decl. of Mark Tate, **Exhibit "B"**). Notably, Clem has no ownership in Woltz and has no control over the content of the Documentary. *Id.* The Documentary is approximately 90,000 seconds in length and includes, in various small excerpts, video and images of news coverage of the sex tape obtained from currently available, online media sources that total approximately 38 seconds. *Id.* Further, Woltz has never had, and does not have, access to the original version of the sex tape, has not obtained any actual sex tape footage from Clem, and did not include any actual footage of the sex tape in the Documentary from Clem, but rather publicly available and traceable media outlets covering the story. *Id.*

Because of the broad language of the TRO, which does not create any exception for material in the public domain or in fair use as permitted by applicable law, and the correspondence directed to Woltz and likely various other media sources, the TRO creates a direct and immediate risk that Woltz's rights could be curtailed without ever being heard at the risk of significant damages. Prior to the TRO being entered, after two days of presales the Documentary was the number 1 rated documentary and the 28th rated movie on iTunes. *Id.* Currently, the film is the number 9 documentary and more importantly out of the top 100 movies, which Woltz contends is directly attributable to Plaintiffs' efforts and the overbroad nature of the TRO. *Id.*

3

Intervention under Rule 24 is therefore necessary to protect Woltz's substantial legal interests, including its intellectual property rights, its reliance on fair use and First Amendment protections, and its ability to distribute the Documentary without threat of contempt or sanctions in a lawsuit to which it was never named. Further, intervention is necessary as the TRO and rulings related to the Documentary, without its involvement, may create further damages related to the marketing and release of the Documentary film which Woltz contends contain no actual sex tape materials that are not within fair use exclusions nor in the public domain. In sum, Woltz contends the TRO, as currently worded without exceptions to fair use and material in the public domain, is improperly preventing its independent marketing, distribution and release of the Documentary under the cloud of the TRO and the baseless claims it is acting in active concert or participation with Clem is causing it significant damages.

By filing this motion, Woltz seeks an Order from this Court allowing it to intervene and be designated as a defendant-intervenor. Woltz further requests the Intervenor's Answer and Affirmative Defenses, attached hereto as **Exhibit "A"** to be filed as of the date of the order granting this Motion in compliance with Fed. R. Civ. P. 24. Third, Woltz submits its Response to the Emergency Motion for Temporary Restraining Order seeking legally required exclusions for items in fair use and/or the public domain and to increase any injunction bond as the current bond amount is insufficient to prevent the damage that may be incurred by Woltz attached hereto as **Exhibit "C"** be filed and Woltz allowed to participate at the

hearing set by this Court for September 17, 2025. This Court should permit intervention as of right so Woltz's interests are not adversely affected without an opportunity to be heard. In the alternative, this Court should grant permissive intervention to allow the same.

## II.   BACKGROUND

1. On September 2, 2025, Plaintiffs filed a Verified Complaint and Emergency Motion for Temporary Restraining Order against Defendant Bubba Clem. [Docs. 1, 2].

2. On September 4, 2025, this Court entered a TRO restraining Clem "and his agents, employees, affiliated entities, and all those in active concert or participation with him" from publishing or disseminating any portion of the sex tape. [Doc. 8].

3. That same day, counsel for Plaintiffs sent correspondence to the registered agent for Woltz and to Mark Tate Esq. at multiple locations asserting both Mark Tate and parties who are "in active concert or participation" with him are bound by the TRO.

4. Accordingly, Woltz brings this Motion to Intervene and Memorandum of Law to protect its interests in the Documentary.

## III.   LEGAL ARGUMENT

The purpose of intervention is to protect nonparties from having their interests adversely affected by litigation conducted without their participation, and to preserve judicial economy. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 265

(5th Cir. 1977). The Eleventh Circuit liberally construes Rule 24 in favor of intervention, and "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *See, e.g., Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993). Here, this Court should allow Woltz to intervene to protect its interests and ensure all related issues are resolved in a single proceeding, avoiding duplicative litigation and inconsistent results.

### A. Woltz Is Entitled to Intervention as of Right.

Fed. R. Civ. P 24 (a)(2) entitles a party to intervene as of right when: 1) the motion to intervene is timely; 2) the movant has an interest relating to the property or transaction at issue; 3) disposition of the action may impair the movant's ability to protect its interest; and 4) the existing parties do not adequately represent that interest. *See* Fed. R. Civ. P. 24(a)(2). Once the movant establishes facts which support their right of intervention, a district court must grant the motion. *See Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002)(reversing denial of motion to intervene when Rule 42(a)(2) factors were met). In the case at bar, Woltz satisfies each element supporting its right to intervene.

1. <u>Woltz's Motion to Intervene is Timely</u>

The requirement of filing a timely motion to intervene is not a high bar, as

courts allow for flexibility to litigants while keeping the interests of justice in mind. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Courts have not established a bright line rule to measure timeliness in the context of intervention. *See McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)("Timeliness' is not a word of exactitude or of precisely measurable dimensions"); *see also Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). When considering the element of timeliness, courts will consider the length of time movants became aware of their protected interest, prejudice against the existing parties and the movant, and any other circumstances justice so calls for. *See Georgia*, 302 F.3d at 1259 (granting motion to intervene filed six months after action began).

Here, Woltz's motion to intervene is timely, as it is being filed less than a week after this Court entered the TRO. The parties will not be prejudiced or delayed by Woltz's intervention. Woltz has promptly notified the relevant parties of the interest it has in this litigation and frankly should have been a party from the outset as Plaintiffs knew of its interest in the Documentary. Thus, intervention is unquestionably timely.

2. <u>Woltz has a Protected Interest in the Documentary</u>

Next, the movant must show an interest relating to the property or the transaction central to the litigation. *Worlds v. Dep't of Health and Rehabilitative Services, State of Fla.*, 929 F.2d 591, 594 (11th Cir. 1991). Courts interpret this requirement broadly and construe it to favor involving concerned persons even if the interests are not precisely identical. *See Diaz v. Southern Drilling Corp.*, 427

7

F.2d 1118, 1124 (5th Cir. 1970) Courts thus find this requirement flexible, considering the relevant facts and circumstances surrounding the motion for intervention. *Chiles*, 865 F.2d at 1214, quoting *United States v. Perry Cnty Bd of Education*, 567 F.2d 277, 279 (5th Cir. 1978)("Our inquiry on this issue 'is a flexible one, which focuses on the particular facts and circumstances surrounding each [motion for intervention]'").

Woltz has a direct and substantial interest in the Documentary and in protecting its constitutional and statutory rights to distribute its own intellectual property free from improper interference. Plaintiffs assert the right to bind Woltz through a claimed extension of the TRO and may do so via any subsequent injunction, and/or use the TRO to seek to prevent the Documentary from release via third party media outlets and thus the property rights of Woltz are directly affected by the outcome of this litigation. Woltz accordingly seeks an opportunity to be heard by this Court before any of the rights surrounding the Documentary are adjudicated, including at the hearing recently set for September 17, 2025.

    3. <u>The Disposition of this Action May Impair Woltz's Protected Interest</u>

The third factor for intervention requires the movant to demonstrate the disposition of the action may impair a protectable interest. *See* Fed. R. Civ. P. 24(a)(2). Further, the potential *stare decisis* effect of an adverse judgment supports intervention. *See* Chiles, 865 F.2d at 1214; *Espy*, 18 F.3d at 1207. In other words, impairment exists where a court's decision, made without the intervenor, disadvantages them by creating adverse precedent in later litigation. *See id.*

Here, Woltz satisfies this factor, as Plaintiffs' requested relief, as stated in their Verified Complaint, would directly impair Woltz's ability to make full use of their intellectual property and potentially allow Plaintiffs to pressure third party media sources not to release the Documentary. Moreover, absent intervention, Woltz may face the threat of contempt or sanctions based on an injunction issued in a case to which it is not a party. This risk is precisely the type of impairment Rule 24 is designed to prevent. Coupled with the potential precedential effect an adverse judgment may have against Woltz's rights to its intellectual property, Woltz must intervene as of right to protect its interest in the Documentary.

    4.  <u>Defendant Clem Cannot Adequately Represent Woltz's Interests</u>

The fourth factor requires the movant's interests may not be adequately represented by the existing parties, which is also a low bar to cross. *See Technology Training Associates, Inc. v. Buccaneers Ltd. P'ship,* 874 F.3d 692, 697 (11th Cir. 2017)(noting a mere showing the representation of interests may be inadequate is sufficient to meet the "minimal burden" of this factor). Adequate representation is presumed where an existing party seeks the same objectives as the proposed intervener. *See Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir. 1999). Thus, this factor is met if the proposed intervenor shows a possibility the representation of its protected interest is inadequate. *See Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972).

As set forth above, Defendant Clem does not represent Woltz's interests with regard to the ownership of the Documentary. Defendant Clem is not an owner or

9

authorized agent of Woltz, has no control of the content of the Documentary, and does not have an ownership interest in the Documentary. Woltz is the exclusive owner of the Documentary, and has independent First Amendment, fair use and public domain copyright defenses, and distinct reputational and business concerns and damages that are different than Defendant Clem. Thus, Woltz must be permitted to intervene to advocate its own interests.

**B. Alternatively, Permissive Intervention is Appropriate.**

Should this Court not grant intervention as of right as requested, alternatively Woltz should be allowed to intervene with the Court's discretion under Rule 24(b)(2). Fed. R. Civ. P. 24(b) allows the Court to permit intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(a)(2). Courts are encouraged to exercise discretion and apply Rule 24(b)(2) flexibly to allow related controversies to be resolved together. *See EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045-46 (D.C. Cir. 1998). Where the movant's claims or defenses share a common question of law or fact, and the intervention will not prejudice or delay the adjudication of the rights of the original parties, permissive intervention is appropriate. *See Georgia*, 302 F. 3d at 1250.

Here, the standard for permissive intervention is satisfied as the case is still in the preliminary pleading stages and the Verified Complaint was filed recently. Woltz does not seek to intervene for purposes of interfering with or disrupting the ongoing suit, but rather protecting its interests including, but not limited to,

10

addressing overbreadth of the TRO and attending the hearing scheduled for September 17, 2025. Moreover, Woltz's defenses share common questions of law and fact with the claims in this case. This includes whether the brief excerpts in the Documentary constitute copyright or trademark infringement or whether limited uses of 38 seconds of excerpts of the sex tape obtained from online, currently available media sources fall within the protections of fair use, public domain and the First Amendment.

The parties also dispute the scope and application of the TRO, including whether Woltz can properly be considered "in active concert or participation" with Defendant Clem when Clem has no ownership in Woltz, Woltz obtained no sex tape footage or images from Clem, Clem has no control over the content of the Documentary, and Clem has no ownership of the Documentary. In addition, resolution of Plaintiffs' asserted copyright and related intellectual property claims necessarily implicates the same factual record, namely the nature, origin, existence of online media sources, and use of the 38 seconds of images and video excepts at issue, which Woltz would rely upon in defending its independent rights in the Documentary. Thus, allowing intervention will promote efficient resolution of overlapping issues and prevent inconsistent rulings.

## IV.   CONCLUSION

For the foregoing reasons, Woltz Films, LLC respectfully requests this Court grant its Motion to Intervene as of right under Rule 24(a)(2), or in the alternative, permit intervention under Rule 24(b). Intervention will ensure Woltz has the

opportunity to protect its substantial interests in the Documentary, defend its constitutional and statutory rights, and avoid being improperly bound by injunctive relief in a case to which it is not a party. Woltz further requests this Court accept for filing its proposed Answer and Affirmative Defenses, its Response to the Emergency Motion for Temporary Restraining Order and Request to Vacate, and grant such other relief as this Court deems just and proper.

    Respectfully submitted,

*/s/ Dean A. Kent*
DEAN A. KENT
Florida Bar No. 0307040
dkent@trenam.com / ac@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, FL  33602-5150
813-223-7474 / 813-229-6553 (facsimile)
*Attorney for Woltz Films, LLC*

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) the undersigned counsel for Woltz Films, LLC hereby certifies he has conferred with counsel for Plaintiffs and counsel for Defendant regarding the issues contained in this Motion. Counsel for Plaintiffs has indicated there is no objection, but stated a limited opposition to the timing of the filing of the motion and requested it be delayed until parties further discuss the matter. Counsel for Defendant does not oppose the motion.

*/s/ Dean A. Kent*
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 11th day of September, 2025, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing and copy to the parties and counsel of record.

*/s/ Dean A. Kent*
Attorney