UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY MCCOY and
NICHOLAS BOLLEA, as
Personal Representatives of the
ESTATE OF TERRY G. BOLLEA,

    Plaintiff,

v.

BUBBA THE LOVE SPONGE CLEM,

    Defendant.
_____/

Case No.: 8:25-cv-2334-TPB-AAS

## MOTION TO SUBSTITUTE PARTY PLAINTIFF

Plaintiffs, Terry McCoy and Nicholas Bollea, as co-personal representatives of the Estate of Terry Bollea, move this Court for entry of an order substituting Terry McCoy as Curator of the Estate of Terry Bollea as the Plaintiff in this case, and in support state as follows:

Nicholas Bollea and Terry McCoy ("McCoy") were nominated to serve as Co-Personal Representatives under the Last Will and Testament of Terry Gene Bollea as supplemented, updated, and modified (the "Will"). Although they were nominated as Co-Personal Representatives, it became necessary to appoint a curator to pursue this case given the exigencies involved. Accordingly, on September 8, 2025, Nicholas Bollea and McCoy filed a Petition to Appoint Curator in the circuit court for the

Sixth Judicial Circuit in and for Pinellas County, Florida so that McCoy could represent the Estate's interest in this matter.

On September 8, 2025, the court entered an order appointing McCoy as Curator of the Estate of Terry Bollea. *See* Doc. 23-1. The court also entered Letters of Curatorship that same day. *Id.* Pursuant to the Letters of Curatorship, McCoy was appointed to act as Curator of the Estate of Terry Bollea and is authorized to represent "the Estate in ongoing legal matters which will include appearing as a party in litigation on behalf of the Estate . . . ."

Now that McCoy has been appointed Curator of the Estate, he should be substituted as the Plaintiff in this case. Rule 17(a)(3) provides that:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

"A Rule 17(a) substitution of plaintiff should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)).

Permitting McCoy, in his capacity as Curator of the Estate, to substitute as the party plaintiff should be permitted. The substitution does not alter the original complaint's factual allegations, and it will not have any impact on this case or prejudice Clem in any manner. Identifying McCoy and Nicholas Bollea as the co-

Personal Representatives of the Estate was based upon the fact that they were appointed as such pursuant to the Will. It was not done in bad faith, nor was it done to create any tactical advantage, or to deceive or prejudice the defendants. Under these circumstances, substitution should be permitted and the action should proceed "as if it had been originally commenced" by McCoy as Curator of the Estate. *See Arrowpoint Capital Corp. v. Dogali*, No. 8:09-CV-1193-T-27EAJ, 2010 WL 11507375, at *3 (M.D. Fla. Mar. 30, 2010) ("Likewise, substitution is generally permitted where there is no evidence that the mistake was made in bad faith, was deliberate or tactical, or was an attempt to deceive or prejudice the defendants."); Fed. R. Civ. P. 17(a)(3).

WHEREFORE, Plaintiffs Terry McCoy and Nicholas Bollea, in their capacity as co-personal representatives of the Estate of Terry Bollea, respectfully request that this Court enter an order substituting Terry McCoy, as Curator of the Estate of Terry Bollea as the party plaintiff in this case, and grant such further relief as the Court deems just and proper.

### Local Rule 3.01(g) Certification

Counsel for the Estate has attempted to confer by email with counsel for Clem and Woltz Films, however, counsel has not yet received a response. Counsel for the Estate intends to call counsel for Clem and Woltz Films in the morning and will file a supplement to this certification to convey the position of these parties.

Respectfully submitted,

*/s/ Kenneth G. Turkel*
Kenneth G. Turkel - FBN 867233
LEAD COUNSEL
E-mail: kturkel@tcb-law.com
Brad F. Barrios - FBN 35293
E-mail: bbarrios@tcb-law.com
David A. Hayes - FBN 96657
E-mail: dhayes@tcb-law.com
Turkel • Cuva • Barrios • Guerra
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Tel: (813) 834-9191
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of September, 2025, the foregoing document was filed with the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Kenneth G. Turkel*
Attorney

4