UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY MCCOY AND
NICHOLAS BOLLEA, as
Personal Representatives
of the ESTATE OF TERRY
G. BOLLEA,                                    Case No. 8:25-cv-2334-TPB-AAS

    Plaintiffs,

v.

BUBBA THE LOVE SPONGE
CLEM,

    Defendant.
_____/

**DEFENDANT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant, Bubba the Love Sponge® Clem ("Defendant" and/or "Clem"), by and through his undersigned counsel, files this Supplemental Response in Opposition to Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2), and states as follows:

Defendant files this supplement to bring newly discovered facts to the Court's attention ahead of the hearing scheduled for September 17, 2025. When Defendant filed his Response in Opposition on September 9, 2025 (Doc. 16), he did not yet know that Plaintiffs had obtained, the day before, an order from the Pinellas County probate court appointing a "curator." Defendant learned of this curatorship only after filing his opposition.

This supplement is necessary because Plaintiffs will almost certainly appear at tomorrow's hearing brandishing the curator order and claim that it cures their lack of capacity. It does not. Plaintiffs secured the curatorship by misrepresentation and procedural sleight of hand. They never petitioned to open an estate, they never sought administration, and yet they procured a curatorship "in re: Estate of Terry Bollea" by filing a waiver of notice falsely asserting they were already co-personal representatives. This is fraud upon fraud: Plaintiffs misrepresented their status to this Court to obtain a TRO, and then misrepresented their status to the probate court to procure a curatorship.

Plaintiffs filed their Complaint and Motion for Temporary Restraining Order on September 2, 2025, alleging they were co-personal representatives of the Estate of Terry G. Bollea. (Doc. 1 ¶ 3; Doc. 2). In fact, no probate estate had been opened in Pinellas County, the county of Mr. Bollea's residence, or in any other Florida jurisdiction.

On Friday September 5, counsel for Woltz Films sent a letter to Plaintiffs' attorney advising Plaintiffs did not have standing to proceed with this matter. A true and correct copy of that letter is attached as **Exhibit "A"**. Instead of acknowledging the defect, Plaintiffs filed an "Expedited Petition to Appoint Curator" in Pinellas County on September 8, 2025. A true and correct copy of the Petition is attached as **Exhibit "B"**. That petition acknowledges Plaintiffs' federal TRO and expressly seeks the curatorship to preserve it. Notably, the petition does not include or accompany any petition for administration, and no letters of

administration have issued. Additionally, Plaintiffs speciously advised the circuit court that they were the "Co-Personal Representatives" of the estate in a Waiver of Notice for Appointment of Curator. A true and correct copy of the Waiver of Notice for Appointment of Curator is attached as **Exhibit "C"**.

As explained more fully below, Plaintiffs acknowledged their procedural defect to bring the lawsuit, and to seek injunctive relief, and raced to the Courthouse under false pretenses in an attempt to cure the defect. In summary, the curatorship cannot cure the lack of capacity, especially when no estate has been opened and there is no imminent appointment of a personal representative.

## I.     A Curatorship Cannot Operate in a Vacuum.

Florida law does not permit a curatorship to operate in a vacuum. By statute, a curator is defined as "a person appointed by the court to take charge of the estate of a decedent until letters are issued." Fla. Stat. § 731.201(8). Section 733.501(1) similarly authorizes appointment only after notice to the person "apparently entitled to letters of administration," and Florida Probate Rule 5.122(e) requires the curator to turn over assets "when the personal representative is appointed." These provisions confirm that a curator is not a substitute for probate, but a temporary measure tethered to an estate administration in which letters will issue.

The Florida Supreme Court has explained that "[a] Curator is ordinarily appointed only as a temporary expedient to take possession of and preserve the assets of the estate until a personal representative may be appointed." *In re Sale's Estate*, 227 So. 2d 199, 202 (Fla. 1969). Other appellate cases confirm that

3

curatorships are used only when there is a pending administration and a delay in appointing or qualifying the personal representative. *In re Estate of Miller*, 568 So. 2d 487, 489 (Fla. 1st DCA 1990) ("a typical situation is where there is a delay in the appointment of a personal representative and a fiduciary is needed to take charge of the estate assets.").

Here, there is no delay in the appointment of a personal representative. Plaintiffs, in fact, never filed a petition for administration, no estate has been opened, and no personal representative can be imminently appointed. Plaintiffs' attempt to create capacity through a free-standing curatorship order is contrary to §§ 731.201(8), 733.501, and Rule 5.122(e), and directly at odds with *Sale's Estate*, and *Miller*. A curatorship cannot operate in a vacuum.

Plaintiffs' representations only underscore the defect. In their federal pleadings, they described themselves as co-personal representatives despite the fact that no estate had been opened and no letters of administration had issued. In state probate court, they repeated the same assertion in a waiver of notice. These inconsistencies are material because they go directly to Plaintiffs' legal authority to bring this suit.[1] When a party seeks extraordinary equitable relief, the Court is entitled to complete candor and accurate disclosure. Plaintiffs' misstatements go to the core of their capacity and confirm that this case should not be allowed to move forward.

---

[1] *See*, Fed. R. Civ. P. 11(b) (representations to the court must have evidentiary support and not be presented for improper purpose).

4

## II.  Conclusion.

Plaintiffs lacked capacity when they filed this case. Their belated curatorship is procedurally improper under Florida probate law and, in any event, cannot retroactively cure the jurisdictional defect. The Court should dissolve the TRO and dismiss Plaintiffs' Complaint.

Dated: September 16, 2025                        Respectfully submitted,

/s/ *J. Kirby McDonough*
J. Kirby McDonough
Florida Bar No. 79031
SPENCER FANE LLP
201 N. Franklin St., Ste. 2150
Tampa, FL 33602
Phone: 813-424-3501
Fax: 813-405-8904
kmcdonough@spencerfane.com
Secondary: ecoutu@spencerfane.com

*Counsel for Defendant,*
*Bubba the Love Sponge Clem*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 16th day of September, 2024, and served on all parties of record.

/s/ *J. Kirby McDonough*
Attorney

5