# EXHIBIT A

**TRENAM LAW**

*Please Reply to:*
*P.O. Box 1102*
*Tampa, Florida 33601*
*Direct line:  813-227-7423*
*Email:  dkent@trenam.com*

September 5, 2025

<u>*Via U.S. Mail and Email:*</u>
kturkel@tcb-law.com

Ken Turkel, Esq.
Turkel, Cuva, Barrios
100 N. Tampa St., Suite 1900
Tampa, FL 33602

Re:     **<u>Response Notice of Lawsuit and TRO regarding Bubba Clem/Terry Bollea</u>**

Ken:

      This firm is intellectual property litigation counsel to Woltz Films, LLC ("Woltz").  We are in receipt of your September 4, 2025, letter that was forwarded to Trenam Law by Mark Tate. Woltz is the entity that has created and is involved with the promotion and distribution of the documentary film titled "Video Killed the Radio Star" referenced in your firm's recent M.D. Florida filings.  To be clear, and to address this up front, Woltz does not have, and has never had, possession or access to any original version of the sex tape at issue as complained of in the lawsuit.

      First, we note that Terry McCoy and Nicholas Bollea have not made any allegation in the lawsuit filed against Bubba Clem, nor filed any documents, that would reference they are properly authorized to file the legal claims asserted via Letters of Administration from a court of competent jurisdiction. Without such Letters of Administration, their roles are in question and there may exist standing issues with the asserted claims that will need to be addressed.  To the extent such Letters of Administration exist, please send them to my attention.  If none are promptly provided per this request, we shall assume they do not exist at this time and the actions of Mr. McCoy and Bollea may exceed the scope of their authority and create standing issues.

      Further, please be advised that Mr. Clem, as incorrectly alluded to in the lawsuit against him and in correspondence from your firm to Mr. Tate, has zero ownership interest as a member

**TAMPA**
Tel: (813) 223-7474
Fax: (813) 229-6553

101 E. KENNEDY BOULEVARD
SUITE 2700
TAMPA, FLORIDA 33602

**ST. PETERSBURG**
Tel: (727) 898-7474
Fax: (727) 820-0835

200 CENTRAL AVENUE
SUITE 1600
ST. PETERSBURG, FLORIDA 33701

**SARASOTA**
Tel: (941) 278-4301
Fax: (813) 229-6553

1515 RINGLING BOULEVARD
SUITE 320
SARASOTA, FLORIDA 34236

**WWW.TRENAM.COM**

Ken Turkel, Esq.
September 5, 2025
Page 2

of Woltz nor any ownership interest in the film.[1]  Woltz is wholly independent from Mr. Clem and he is not an agent of Woltz, in the broadest sense of agency law, in any capacity as to any matter whatsoever.  Thus, Woltz has not and does not act in any form or fashion "in active concert or participation" with Mr. Clem with regard to the publication or dissemination of the film and such allegations or insinuations to the contrary are incorrect and without any factual basis.  Woltz is not a party to the Settlement Agreement reached between Mr. Clem and Mr. Bollea and is not bound by any such restrictions reached between them, which are likely personal in nature to Mr. Bollea and which may have expired upon his death.  To address this threshold issue, we would have to review the Settlement Agreement, which we request be provided to us under mutually agreeable confidentiality restrictions for review and consideration to determine if such alleged obligations personal to Mr. Bollea have expired.

Irrespective of the foregoing factual inaccuracies and standing deficiencies, applicable intellectual property law also clearly and unequivocally precludes any valid legal claims against Woltz with regard to the film and use of any alleged excerpts from the sex tape, all of which have been obtained from publicly available news sources.  Thus, the film uses only materials and content that are properly licensed or otherwise in fair use available to the public and it has taken significant efforts to respect the intellectual property rights of others to create the documentary as a transformative work.  Further, well established nominative fair use law precludes any claim of Lanham Act trademark infringement by simply using or referring the name "Hulk Hogan" as part of the file or its branding as claimed.  Seeking to assert the currently plead intellectual property right claims against Woltz would likely be considered frivolous and sanctionable under Rule 11 or the possible subject of an award of attorneys' fees and costs under *Octane Fitness*.

Rest assured, Woltz has not and is not violating any valid intellectual property rights with regard to the film nor is it violating the Temporary Restraining Order ("TRO").  The excerpts of the documentary film now being complained of would have been clearly a non-issue to your client if you would have accepted Mr. Tate's offer to review the documentary film previously, which you declined.  Suffice it to say, the material displayed by the documentary film is not a violation of the TRO and the minimal excerpts presented are not a focus of the overall work, but rather the plot device that drives the documentary story forward.

Woltz will continue to abide by applicable law and the TRO and it has no interest in getting involved in fights between Mr. Clem and Mr. Bollea's estate over their private settlement or subject matter that is not relevant or material to the documentary film. To the extent Mr. Bollea's personal representatives wish to improvidently seek some relief against Woltz and include claims against it, it is ready to respond and take actions to protect its interests and address the legal and

---

[1] Contemporaneously with this letter, counsel for Woltz is sending a letter to Mr. Clem to request he immediately cease and desist from making statements or publications on air or on social media that falsely allude to, or insinuate, some agency relationship or affiliation with Woltz or control or involvement in the development and distribution of the documentary film.



Ken Turkel, Esq.
September 5, 2025
Page 3

---

factual deficiencies with a view towards aggressively addressing what we contend are unmeritorious claims.

    Again, as Mr. Tate previously offered to you directly, we are happy to conduct a private screening of the documentary film, as part of a joint, good faith settlement discussion with counsel, to avoid any further misconceptions, inaccuracies, and conjecture with regard to the film and its contents.

Sincerely,

Dean A. Kent

DAK/ac

cc:    client

